AMERICA STODDARD, APPELLANT, V. S. O. BAKER, APPELLEE.

FILED JANUARY 5, 1910.  No. 15,895.

1. Appeal: CONFLICTING EVIDENCE. In a suit on a written contract to pay rent, where the execution of the contract is denied, the verdict of a jury rendered upon conflicting evidence will not be set aside by a reviewing court.

2. Pleading: QUANTUM MERUIT: EVIDENCE. In such an action, if the plaintiff's petition contains sufficient averments, a recovery as upon a *quantum meruit* may be had; but without proof of the reasonable rental value of the premises there can be no such recovery.

3. Appeal: EVIDENCE: HARMLESS ERROR. The admission of immaterial evidence does not require the reversal of a judgment, unless it appears that the complaining party was prejudiced thereby.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*R. L. Keester,* for appellant.

*John Everson, contra.*

BARNES, J.

Suit on a written agreement for the payment of rent, tried in the district court for Harlan county on appeal from justice court. Defendant had judgment, and the plaintiff has appealed.

The petition on which the cause was tried reads as

follows: "Plaintiff says for cause of action that she has been the owner of lot 16, in block 4, Second addition to the village of Republican City, Nebraska, since March 3d, 1902, to the 3d day of October, 1904; that on the 3d day of March, 1902, she leased said premises to the defendant, and that defendant agreed to pay to plaintiff the rental value of said premises for what time he occupied the same; that defendant occupied said premises from March 3d, 1902, to the 3d day of October, 1904; that the rental value thereof, during all of said time, was the sum of $10 a month; that said original contract with the defendant was made orally, but was afterwards reduced to writing, but said contract has been lost, mislaid or destroyed by plaintiff, and plaintiff is unable to locate the same at this time, but said written contract was, in substance, as follows: 'I, the undersigned, agree to pay to America Stoddard $10 per month rental for the use of lot No. 16, block 4, Second addition to the town of Republican City, Nebraska. S. O. Baker.' That no part of said rent has been paid, and said action, having been brought in justice court, plaintiff remits all of said rental due from defendant to plaintiff except the sum of $200 and interest. Wherefore plaintiff prays judgment against said defendant for said rental in the amount of $200, and costs of suit."

Defendant's answer was: (1) A general denial. (2) Specific denial that he ever promised or agreed to pay rent to the plaintiff for the premises, or that he knew the plaintiff owned or claimed the same until a short time before he moved from said premises; admitted that he occupied said premises for several years, but alleged that he occupied the same under a contract of purchase with the owner, and not as a tenant of the plaintiff; that he had paid the owner of the premises rent for all the time he occupied the same. Defendant also alleged that the pretended contract set out in the petition was a forgery and spurious, and specifically denied that he ever signed or executed the same. There was a reply, and, upon the

issues thus joined, the cause was tried to a jury, and resulted in a verdict and judgment for the defendant.

Plaintiff's first contention is that "the judgment is not sustained by the evidence; that the verdict is contrary to the evidence, and is not supported thereby." The record discloses that there was a conflict of evidence on the main question at issue. The plaintiff and her husband produced at the trial what they claimed was the original contract, and alleged that it was signed by the defendant in their presence. Defendant denied that he ever signed it, or that he ever had any agreement whatever with the plaintiff touching the matter of rent for the premises in question. He also produced evidence tending to show that he purchased the premises and took possession thereof under a contract with one Porter, who at that time was the owner thereof; that he paid Porter a considerable sum on account of the purchase price under his contract of purchase, which was introduced in evidence. It appears, however, that the plaintiff obtained a quitclaim deed from Porter some time subsequent to the execution of defendant's contract; that just before the defendant surrendered possession of the premises plaintiff's husband notified him that he owned the premises and demanded payment of rent; that thereupon the defendant immediately abandoned his possession and moved his family to another location. With the evidence in this condition, the jury returned a verdict for the defendant, and, there being a conflict of evidence, their finding and judgment on this point will not be set aside.

It is next contended that the district court erred in giving instruction No. 8 on his own motion, which reads as follows: "In order to entitle plaintiff to recover, she must recover upon a written contract, if at all, and you would not be warranted in finding in her favor for the rental value of the premises described in the petition for the time claimed. And, unless you find that the contract, exhibit B, was entered into between the plaintiff and defendant as alleged, you should find for the defend-

ant." The principal criticism of this instruction is that, if followed by the jury, it prevented them from returning a verdict for plaintiff on a *quantum meruit* for the use and occupation of the premises in question; and it is insisted by the plaintiff that her petition was so framed that, failing to establish the written contract sued on, still she might recover, as above suggested, upon a *quantum meruit*. It is possible that the petition would bear such a construction, but an examination of the record satisfies us that the plaintiff failed to make sufficient proof of the value of the use of the premises to sustain such a recovery. In other words, there is a complete failure on the part of the plaintiff to prove the fair rental value of the premises in question.

It is further contended that the court erred in permitting the defendant to introduce exhibits 9 and 10, for the reason that exhibit 9 is signed by the defendant, and no one else; that there is no evidence in the record to connect the real owner of the land with what is set forth in exhibit 9. It is also said that exhibit 10 seems to be a permission to the defendant to go upon the premises by one Burton, and there is no evidence in the record that Burton either owned the premises or that he was agent of the real owner. It is a sufficient answer to this contention to say that this evidence was within the issues on which plaintiff went to trial without objection, and there was no prejudicial error in its admission.

Finally, it is contended that the court erred in permitting the defendant to testify as to the condition of the premises when he took possession. We think this assignment requires no discussion. The cause was tried, as above stated, on the theory that plaintiff had a written contract with the defendant to pay rent. That question was determined in defendant's favor upon conflicting evidence. There was no testimony offered upon which to base a judgment in *quantum meruit,* and therefore the court was required to enter judgment for the defendant upon the verdict of the jury. This being so, the admis-

sion of the evidence complained of affords no ground for a reversal of the judgment.

The judgment of the district court is therefore

AFFIRMED.